HURLEY BURISH, S.C.
ATTORNEYS

33 EAST MAIN STREET, SUITE 400
Mailing Address:
POST OFFICE BOX 1528
MADISON, WI 53701-1528

| Jonas B. Bednarek | Andrew W. Erlandson | Tel. (608) 257-0945 |
| Cricket R. Beeson | Stephen P. Hurley | Fax. (608) 257-5764 |
| Marcus J. Berghahn | David E. Saperstein | www.hurleyburish.com |
| Joseph A. Bugni | Daniel J. Schlichting | Author's e-mail: |
| Mark D. Burish | Catherine E. White | jbugni@hurleyburish.com |
| Peyton B. Engel | | |

April 1, 2025

United States District Court Judge William M. Conley
United States Courthouse for the
Western District of Wisconsin
120 N. Henry
Madison, WI 53703

    Re:    *United States of America v. Matthew Quaglieri*
            Western District Case No: 3:22-cr-00114-wmc

To the Honorable William M. Conley,

    In anticipation of sentencing and in support of a ten-year sentence, the defense is filing this sentencing memo, including an attached letter from Mr. Quaglieri to the Court and a statement he'd want to read at sentencing to the victims and the community, but that he understands he probably would not be able to get through. So it is attached as well. Finally, there is a letter from his counselor to the Court that is attached. And there is his final project with sex-offender treatment that is also attached. These are all long documents that give better insight into who Quaglieri is than my memo can muster. So what follows is short.

    It is difficult, if not impossible, to frame this case better than what the PSR has done. It tells the story of a terrible crime—a teacher abusing the community's trust and videotaping students in the bathroom. And it tells the story of a person who has struggled for decades with deep-seated mental health issues, trauma, and repressed sexuality. Finally, it tells the story of a person who since his arrest has worked incredibly hard at being honest and tackling those issues.

    When it comes to the first part of this case (the crime), there is no minimizing what Quaglieri did. It may not have the markings of many of the other child-sexual abuse crimes that this Court sees, but it's still devastating to the victims and made worse by his position as a teacher. The question for this Court is whether the crime demands a sentence

H‍URLEY B‍URISH, S.C.

Honorable William M. Conley
April 1, 2025
Page 2

beyond ten years. A decade in prison is a *very* long sentence for a defendant with no criminal history, a defendant who did not engage in a hands-on offense, and a defendant who did not distribute or traffic in the videos he produced. There is no question that the victims were wronged and that they are right to demand a hefty sentence, but ten years is a hefty sentence. It is not a slap on the wrist. After all, this sentence is not just marked by the time Quaglieri will spend incarcerated, but the additional years he'll spend on supervised release and the fact that he must register as a sex-offender. Given the severity of his crime, a ten-year sentence addresses all of the sentencing needs this Court must consider.

When it comes to the second part of this case, Quaglieri's background, there is a lot to unpack. It's heartbreaking to read about his struggles, from repressed sexuality to the previously undiagnosed mental-health struggles. Without a doubt, all of that factored into this offense. Indeed, those deep-seated problems were compounded by the shame and isolation that kept him from opening up to *anyone*. When the Court weighs the circumstances of the offense, the reality of Quaglieri's mental-health struggles and his desire for help cannot be forgotten. Those realities reinforce that this crime can be adequately punished with a ten-year term of imprisonment.

That leads to the third part of this case, the person that Quaglieri has become through two years of open and honest sex-offender therapy. I don't doubt that Quaglieri has ways to go in his recovery—it's a process. But what he's done over the past two years has been a remarkable commitment to being honest and allowing the lessons from therapy to take root. His letter and life plan speak to that. And his commitment to treatment has been what this Court would expect: he's never missed an appointment or an assignment, and he's been diligent throughout trying to unpack some of the hardest truths about himself. The fact that it wasn't until his arrest that he first admitted to another person he is gay says a lot about what he was silently carrying. And the fact that he's been so receptive to treatment speaks to his desire (and ability) to change. Indeed, he is my first client to have successfully completed the sex-offender treatment program *before* going into prison.

All three aspects of Quaglieri's character and crime that are stressed above and borne out in the PSR inform the appropriate sentence. Again, this is not a small crime—it's one worthy of him being sent away for a decade. But it doesn't need to be more than that. This is also not someone who went into teaching to target children; instead, this is someone who went into the profession for the right reasons and along the way allowed *very* maladaptive coping mechanisms to overwhelm and consume him. That does not, in

Hᴜʀʟᴇʏ Bᴜʀɪsʜ, s.c.
_____

Honorable William M. Conley
April 1, 2025
Page 3

any way, shape, or form excuse his actions, but it does speak to the proper punishment. Finally, this is not someone who the Court has to wonder at how he'll embrace sex-offender treatment and the need for brutal honesty to make a life for himself. He has demonstrated that over the past two years. In a word, if this Court had lingering doubts about whether more versus less time was needed to accomplish the goals of sentencing, I would respectfully submit that Quaglieri's performance on bond should establish that ten years is an appropriate sentence for this crime and this offender.

Finally, I should add that Quaglieri has a *very* short statement that he wants to read to the Court in addition to what's being submitted. He also understands that the Court will have questions for him. In answering those questions, he is very deliberate and sometimes the pauses he takes are because he is choosing the best word for what he wants to express.

Thank you for your attention to this matter.

                          Sincerely,

                          HURLEY BURISH, S.C.

                          *Electronically signed by Joseph A. Bugni*

                          Joseph A. Bugni

JAB:mns
F:\-clients\Quaglieri Matthew\Correspondence\Judge Conley 25-01-13.docx